EDWARD DEV. TOMPKINS, INCORPORATED, *vs.* THE CITY OF BRIDGEPORT.

Third Judicial District, New Haven, January Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

A finding if justified by the evidence must stand as made.
One who has been wrongfully prevented from fulfilling his contract by the other contracting party, is entitled to recover the profits he would have realized upon the completion of the undertaking as well as expenditures reasonably incurred in its part performance.

Argued January 20th—decided May 14th, 1920.

ACTION to recover damages for prohibiting and preventing the plaintiff from carrying out its contract to build a bridge known as the new East Washington Avenue bridge in Bridgeport, brought to and tried by the Superior Court in Fairfield County, *Haines, J.;* facts found and judgment rendered for the plaintiff for $31,968, and appeal by the defendant. *No error.*

This case was tried with another between the same parties, see p. 659. A contract, similar in all respects in its terms and conditions, and in the relative rights and obligations of the parties, to that involved in the action referred to, was executed the same day for the building

of a bridge over the Pequonnock River at East Washington Avenue in Bridgeport, for the contract price of $143,625. The bridge contracted for was to occupy the site of one then existing and in use, and the contract made no provision for taking care of the traffic crossing the river at that point while the contemplated work was in progress. Soon after the contract was signed, the plaintiff submitted, at the defendant's request, the figures of an estimated sum for which it would provide for the maintenance of such traffic during the building operations, and carry out that design. The defendant was not satisfied with the estimated price, and requested the plaintiff to defer the work of destroying the old bridge until after November, 1916. It thereafter requested the submission by the plaintiff of an estimate in figures of a sum for which the latter would agree to postpone all work on the bridge until the Grand Street bridge, then in process of construction under the contract involved in the companion case, was opened for traffic. The plaintiff submitted an estimate which was not acceptable to the defendant, and after this failure of negotiations the defendant terminated the contract, in January, 1917, and prevented the plaintiff from further work on it. The plaintiff had formally commenced work on the contract within fifteen days after its execution as required, and the subsequent delay in proceeding with the work was due wholly to the defendant, whose termination of the contract was not warranted by any act or fault of the plaintiff. Up to the time of its termination, the plaintiff had expended $1,096 under the contract, and had it been permitted to complete it in accordance with its terms, would have made a profit of $28,725. The judgment was for the aggregate of these sums with interest.

The defendant's appeal asks for a correction of the finding, and assigns grounds of error substantially

identical with those urged in the companion case. It was stipulated that the evidence, made a part of the record in the other case for use on that appeal, should be available for use on this.

*William H. Comley, Jr.*, with whom was *William Parker Seeley*, for the appellant (defendant).

*Carl Foster*, for the appellee (plaintiff).

CASE, J. The defendant in its brief condenses its claims into these two statements: "*First:* Upon the evidence, the court was not justified in finding or holding that the plaintiff was ready and willing to go forward with the construction of the bridge in accordance with the plans and specifications. . . . . *Second:* That even if the city was technically wrong in its method of terminating the contract, yet all that the plaintiff could reasonably ask was his actual outlay."

There was evidence justifying the findings as made and they must stand. The true measure of damages was recognized, and its application to the facts found was correct, for reasons which are discussed in the opinion rendered in the companion case between the same parties, *ante*, p. 659, and upon the authorities there cited.

There is no error.

In this opinion the other judges concurred, except WHEELER, J., who dissented.