This is an action to recover damages for the alleged breach of a written contract. The contract concerned the shingling of the defendants' home by the plaintiff for the sum of $790.
The court finds, contrary to the claim of the defendants, that the contract was entered into by the defendants without any misrepresentations on the part of the plaintiff's agent and with full knowledge on their part of their assumed obligations thereunder.
The court further finds that the defendants breached their part of the contractual obligations without justification and after the plaintiff has caused materials to be moved upon the defendants' premises for commencement of operations.
Consequently, the remaining question for consideration relates to the amount of damages the plaintiff is entitled to recover. In an action of this character the applicable rule of damages is that stated in Tompkins, Inc. vs. Bridgeport, *Page 278 94 Conn. 659, 682, and comprehends two distinct elements: "(1) expenditures already incurred `towards performance,' and (2) `the profits that [the plaintiff] would realize by performing the whole contract'."
Under the heading of "expenditures incurred" the plaintiff claims as damages the sum of $77.30 as representing cost to it of checking defendants' credit and cost of delivering and removing materials to and from the premises; and the further sum of $94.80 as representing the commission paid to Raisley in securing the contract. These items, totaling $172.10, are allowed as expenditures incurred towards plaintiff's performance of the contract.
Under the heading of "profits" the plaintiff claims as damages the sum of $142.20 (18% of the contract price) as "gross profits" and the further sum of $47.40 (6% of the contract price) as "net profits."
The plaintiff's evidence on the element of "gross profits" is sketchy and highly conjectural. The sole witness on this aspect could only give fragmentary testimony; he obviously could only discuss figures of which he had but a smattering knowledge, and nothing more. "The general rule concerning the evidence required to prove loss of profits due to breach of contract is set forth in the Restatement, 1 Contracts, § 331: `Damages are recoverable for losses caused or for profits and other gains prevented by the breach only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty.' .... While the modern tendency is toward greater liberality in the requirements(78 A.L.R. 858, note) it is the unvarying rule that evidence of such certainty as the nature of the case permits should be produced." Doeltz vs. Longshore, Inc., 126 Conn. 597,600-601.
The item of "net profits," amounting to $47.40, is allowed; the claimed item of "gross profits" is disallowed. Apart from the finding that the amount of "gross profits" lacks the reasonable certainty of proof referred to in the Doeltz case, supra,
the court adds that the adjective "gross" employed by plaintiff is both misleading and, from the standpoint of computation, improper. The law looks to "net returns, or profits" and not to gross figures. See Doeltz case, supra, p. 601. *Page 279 
Damages allowed plaintiff exclusive of interest amount to $219.50 as follows: expenditures incurred, $77.30 plus $94.80; net profits, $47.40. Interest in the amount of $12.75 from May 10, 1944, to date is added to the damages awarded.
 Judgment to enter for the plaintiff to recover of the defendants total damages in the amount of $232.25 with costs.