## WALTER BALL *vs.* THE T. J. PARDY CONSTRUCTION COMPANY ET AL.

Third Judicial District, Bridgeport, October Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, BANKS and YEOMANS, Js.

Argued October 31st—decided December 18th, 1928.

*Clifford B. Wilson,* for the appellant (plaintiff).

*William A. Bree* and *H. Frederick Day,* for the appellee (defendant).

MALTBIE, J. In this action the plaintiff is seeking to recover damages occasioned by a fall into an elevator well in the basement of a store then under construction. The defendant The T. J. Pardy Construction Company, the appellant, was the general contractor. The jury first brought in a verdict that the plaintiff recover $4,000, but the trial court refused to accept it and returned them for further consideration. They then brought in a verdict for $1,000 which the trial court accepted.

The plaintiff was a contracting lather and plasterer' and had a contract for plastering in the building. In his complaint he alleged that by reason of the injury he suffered he "was incapacitated for a number of months from carrying on his business, resulting in heavy financial losses." Being required by order of court to make this allegation more specific, he alleged certain contracts on which he was engaged at the time of the injury and that by reason of it he was prevented from giving his personal attention to them, which resulted in the loss of certain sums specified. In pursuance of the claim of damages so alleged, the plaintiff offered evidence which he claimed would show that the cost of completing the contracts specified was greater than it would have been had he been able to give his personal supervision to the work, and that it exceeded the prices for which he had contracted to perform them. The trial court excluded all this evidence

upon the ground that an effort to determine such losses to the plaintiff could lead only into a field of speculation and uncertainty.

That one who, like the plaintiff, is engaged in the performance of certain contracts may recover in a proper case any losses resulting from additional costs brought about by a personal injury would not seem to admit of doubt. The profit of such a contractor is just as much his means of livelihood as are the wages of a laborer or the fees of a professional man. If by reason of his injury such profits have been lessened or destroyed, the fundamental principle of damages, fair compensation, requires that he be permitted to recover this loss. Thus, in *Comstock* v. *Connecticut Railway & Lighting Co.*, 77 Conn. 65, 68, 58 Atl. 465, we held that a plaintiff, who was prevented by a personal injury from continuing to keep a fashionable boarding-house, could recover the net profits which she would have made.

He who seeks to recover damages of this nature must establish a reasonable probability that his injury did bring about a loss of earnings, and must afford a basis for a reasonable estimate by the trier, court or jury, of the amount of that loss. From the very nature of the situation, the amount of loss cannot be proved with exactitude and all that can be required is that the evidence, with such certainty as the nature of the particular case may permit, lay a foundation which will enable the trier to make a fair and reasonable estimate. *Tompkins, Inc.* v. *Bridgeport*, 94 Conn. 659, 684, 110 Atl. 183; *Maguire* v. *Kiesel*, 86 Conn. 453, 461, 85 Atl. 689; 1 Sutherland on Damages (4th Ed.) §70. Certainly a recovery of damages of this nature contains no greater elements of uncertainty than are inherent in many personal injury cases, as, for instance, where recovery is permitted a parent for the decreased earning

capacity during his minority of a child of three and one half years. *Jackiewicz* v. *United Illuminating Co.*, 106 Conn. 310, 312, 138 Atl. 151. Mere difficulty in the assessment of damages is not a sufficient reason for refusing them where the right to them has been established. *Bridgeport* v. *Aetna Indemnity Co.*, 91 Conn. 197, 205, 99 Atl. 566.

It may well have been that, when the plaintiff had produced all his evidence, it would not have proved a sufficient basis upon which damages might be awarded him for the losses he claimed to have suffered by reason of his inability to give attention to the contracts he had in hand. But until he had produced all the relevant and material evidence he had upon that issue, the trial court was not in a position to know whether that would be so or not.. By its rulings, it prevented him from laying the basis for a claim that it had met the requirements of law as to certainty of proof, and in that it erred.

Certain of the specific questions to which objection was made were clearly admissible, as those directed to show that the plaintiff's employees worked less efficiently when he was not in charge of the work than they did when he was, and that the actual cost of the performance of the contracts exceeded the contract prices. The relevancy of certain others, such as the estimate which the plaintiff put upon the value of his own services, the total amount of work he had done that year to the date of his injury, and his profits that year, does not readily appear, but in view of the breadth of the court's ruling in excluding this line of testimony, we cannot say the plaintiff may not on a new trial show them to be relevant. While the complaint does not afford a basis for a recovery of the amounts he had to pay to foremen employed to take his place in charge of the work, yet that he did employ

them would seem a necessary consideration, and the amounts paid them might well be a relevant one, in the final determination of his loss by reason of his inability personally to supervise the contracts.

The incidental complaint which the plaintiff makes of the action of the trial court in returning the jury for further consideration is without foundation. In view of the testimony which had been admitted, the verdict first returned was certainly a large one, and the trial court might well have deemed that, in reaching it, the jury had mistaken the evidence or the law. There was no abuse of its discretion in this regard. *Shulman* v. *Stock*, 89 Conn. 237, 241, 93 Atl. 531; *Hubert* v. *New York, N. H. & H. R. Co.*, 90 Conn. 261, 276, 96 Atl. 967.

There is error, the judgment is set aside, and a new trial ordered.

In this opinion the other judges concurred.