OTTO DOELTZ *v.* LONGSHORE, INC.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 3—decided May 1, 1940.

*Philip Reich,* with whom, on the brief, was *Samuel Reich,* for the appellant (defendant).

*Frank L. Wilder,* with whom was *Edward Morrison,* for the appellee (plaintiff).

JENNINGS, J. The plaintiff ran a refreshment concession on the premises of the defendant. He claimed that the defendant failed to furnish the agreed accessories, interfered with his business and converted certain personal property belonging to him. The defendant denied this and made counter charges. The defendant appealed from the denial of its motion to set aside a plaintiff's verdict.

The evidence, considered in the light most favorable to the plaintiff, discloses the following situation in so far as the decisive question in the case is concerned. The defendant ran a country and beach club. There was a club house on the premises with a dining room and bar. Some distance away, on the beach itself, were the locker rooms and cabanas. Connected with the latter was a bar at which beverages and light refreshments were customarily sold. In April, 1935, the defendant leased this to the plaintiff as a rental unit known as the Snack-at-the-Beach-Bar for the season of 1935 for $500 plus 5 per cent. of the gross receipts. The defendant agreed to equip the bar and to permit the plaintiff to have exclusive sale of beverages and food on the defendant's premises except in its dining room.

Shortly thereafter the plaintiff began the operation of his concession. It was not ready for him on the agreed date, the equipment was incomplete and after

the early summer the defendant interfered with the plaintiff's business. The plaintiff spent $149 for equipment which the defendant was to furnish. At one time, while the plaintiff's bar was under attachment, the defendant's employees took money and supplies valued at about $75. The principal claim of the plaintiff was for the loss of profits due to interference with his business and on this point he testified as follows: "A. Well, I would say at least 50 per cent. I would have had more business if the place wouldn't interfere. . . . Q. And how much of that 50 per cent. of the business was profit? A. Well, we usually figured 100 per cent. in those seasons. . . . Q. Yes, how much, reduced down to figures, how much would the profit amount to? A. We usually figure on the liquor 100 per cent. and food 50 per cent. Q. How much in round figures would that amount to? A. 75 per cent. . . . A. I had gross receipts, $7562.05. . . . Q. Now using that as a comparison on the set-up that you gave us, will you tell us how much you lost because of their course of conduct? A. At least I would make 50 per cent. more business if I wouldn't have any interference. Q. That would be how much? A. It would be about $3750, about. . . . Q. And how much of that was profit? A. 75 per cent. Q. Well, figure that out for the jury. A. Well, I would say $2500, about. Q. $2812.50, isn't it? A. Yes, but I figure a little less. Sometimes you give something away free of charge, and so forth, you know, the kids come in for ice cream cones and sometimes you give a drink away on the house. Q. You think it would be how much? A. About, $2500." On this evidence the jury brought in a plaintiff's verdict for $2500. The determinative issue on this appeal is whether or not this evidence furnishes a sufficient basis for the verdict.

The powers of and limitations on a court in passing

upon a motion to set aside a verdict have recently been restated in *Horvath* v. *Tontini,* 126 Conn. 462, 11 Atl. (2d) 846, and need not be repeated here. The general rule concerning the evidence required to prove loss of profits due to breach of contract is set forth in the Restatement, 1 Contracts, § 331: "Damages are recoverable for losses caused or for profits and other gains prevented by the breach only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty." There is no dispute in this case about the correctness of the rule but only as to its application. The dispute centers around the degree of certainty required. The reasons for the restrictions in connection with the proof of anticipated profits are said to be "(1) that in the greater number of cases such expected profits are too dependent upon numerous, uncertain and changing contingencies to constitute a definite and trustworthy measure of actual damages; (2) because such loss of profits is ordinarily remote . . . ; (3) and because most frequently the engagement to pay such a loss of profits, in case of default in the performance, is not a part of the contract itself, nor can it be implied from its nature and terms." *Howard* v. *Stillwell & Bierce Mfg. Co.,* 139 U. S. 199, 206, 11 Sup. Ct. 500, 503, 35 L. Ed. 147. Still, the fact that damages are difficult of ascertainment does not prevent their recovery. *Tompkins, Inc.* v. *Bridgeport,* 94 Conn. 659, 684, 110 Atl. 193; *Bridgeport* v. *Aetna Indemnity Co.,* 91 Conn. 197, 205, 99 Atl. 566. In speaking of the proof of loss of profits from running a fashionable boarding house this court said: "Such assistance as it is necessary to have generally comes from those employed at fixed wages. There is a fixed rate of charge against each of the boarders. Rent is a fixed item, unless the house is owned by the one who keeps it, in which case the an-

nual value of its use can easily be shown. The net returns, or profits, of such a business are quite as readily ascertained as those arising from the practice of a profession; and are equally a proper subject of proof, in a case like this. They are to be considered simply as bearing on the earning capacity of the person conducting it, and only such can be shown as are susceptible of estimation with reasonable certainty." *Comstock* v. *Connecticut Ry. & Lt. Co.*, 77 Conn. 65, 68, 58 Atl. 465. While the modern tendency is toward greater liberality in the requirements (78 A. L. R. 858, note) it is the unvarying rule that evidence of such certainty as the nature of the case permits should be produced. *Ball* v. *Pardy Construction Co.*, 108 Conn. 549, 551, 143 Atl. 855; 1 Sutherland, Damages (4th Ed.) § 70. For example, since the only available evidence as to the value of the good will of a business is necessarily the opinion of a qualified witness, evidence of that character is accepted in such cases. Id., Vol. 2, § 658.

Applying these rules to the evidence offered in this case, its unsatisfactory and conjectural character is plain. The daily receipts of the plaintiff were in evidence. Instead of showing a decrease after the claimed interference, they show a substantial increase. His estimate as to how much more he would have made had the interference not occurred is therefore without any foundation. In the second place, no data whatever as to his costs, other than rent, were shown nor was there any testimony to the effect that such data were not available. Thirdly, he figured his profits at 75 per cent. of the amount of business he claimed to have lost. This was the average between his claimed profit on the sale of food and on the sale of liquor. No attempt was made to show what relative proportion of his total sales fell within one class or the other.

The evidence quoted shows that the estimate of the plaintiff was a pure guess and was wholly unsupported as to either the amount of business lost or the profit to be expected. The small sums paid by him for accessories and claimed to have been taken while the property was under attachment are not significant in view of the amount of the verdict. The evidence was insufficient. *Maguire* v. *Kiesel,* 86 Conn. 453, 461, 85 Atl. 689; *Braithwaite* v. *Lee,* 125 Conn. 10, 14, 2 Atl. (2d) 380; *Goebel* v. *Hough,* 26 Minn. 252, 257, 2 N. W. 847, 849; *Narragansett Amusement Co.* v. *Riverside Park Amusement Co.,* 260 Mass. 265, 281, 157 N. E. 532. See also *Ellerson* v. *Grove,* 44 Fed. (2d) 493, 499; 1 Sedgewick, Damages (9th Ed.) § 174 et seq.; *Iron City Toolworks* v. *Welisch,* 128 Fed. 693, 697. The verdict should have been set aside. This conclusion makes it unnecessary to consider the other claims of the defendant which are not likely to cause difficulty on a new trial.

There is error and a new trial is ordered.

In this opinion the other judges concurred.