**Robert N. BAKER, Cross-Claimant—Appellant.**

v.

**CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Defendant-Appellee.**

**CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Defendant-Appellant.**

v.

**Robert N. BAKER, Cross-Claimant—Appellee.**

**Nos. 15127, 15128.**

United States Court of Appeals, Eighth Circuit.

April 7, 1955.

John E. McCracken, Davenport, Iowa, for Robert N. Baker.

J. C. Pryor, Burlington, Iowa (John Hale and Larned Waterman, Davenport, Iowa, on the brief), for Chicago, B. & Q. R. Co.

Before GARDNER, Chief Judge, and COLLET and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Chief Judge.

Initially this action was brought by Rose E. Petsel as executrix of the estate of R. D. Petsel, her deceased husband, against the Chicago, Burlington and Quincy Railroad Company and Robert N. Baker to recover damages for the death of her husband, R. D. Petsel, by reason of the alleged wrongful acts of the named defendants. Her action as against Robert N. Baker was, however, dismissed and Robert N. Baker filed a cross-complaint against the Chicago, Burlington and Quincy Railroad Company seeking to recover damages because of the alleged negligence of the Railroad Company resulting in a collision between a

tractor-trailer vehicle owned and driven by him and one of the Railroad Company's diesel locomotives. Upon the dismissal of the action brought by Rose E. Petsel as to Robert N. Baker and the filing of a cross-complaint against the Chicago, Burlington and Quincy Railroad Company by him he in effect became plaintiff in the action and the Railroad Company became defendant and the only issues here involved grow out of that action. We shall therefore refer to Robert N. Baker as plaintiff and the Chicago, Burlington and Quincy Railroad Company as defendant.

Plaintiff alleged that on the 3rd day of December, 1950 he was the owner of a tractor-trailer and was transporting a load of cattle from Lone Tree, Iowa, to Chicago, Illinois, and that while in the exercise of due care he collided with a diesel engine owned and operated by the defendant at a public highway crossing at Joslin, Illinois; that the defendant was negligent in failing to properly maintain and operate flasher signals at its highway crossing, in failing to give warning either by whistle, siren or bell, in failing to keep proper lookout for the approach of vehicles at such crossing, in maintaining an obstructed view of the crossing, and in operating its train at an excessive rate of speed; that by reason of such negligent acts plaintiff collided with the defendant's diesel locomotive resulting in the death of four of the cattle which he was then transporting, besides injury to his tractor-trailer to his damage in the sum of $8,712.

The defendant answered admitting the happening of the accident, admitting that plaintiff was the owner and the operator of the tractor-trailer, denying that it was guilty of any of the acts of negligence alleged and affirmatively pleaded that the accident was caused or contributed to by the negligence of plaintiff. It also interposed a counterclaim charging that the accident was proximately due to the negligent acts of plaintiff to its damage in the sum of $953.38.

There was evidence viewed in a light most favorable to the plaintiff warrant-ing the jury in finding that the plaintiff as he approached this railway crossing from the west was operating his tractor-trailer then loaded with cattle which he was transporting from Lone Tree, Iowa, to Chicago, Illinois, in a careful and skillful manner at a speed of about thirty-five miles per hour; that he was thoroughly familiar with the highway; that the defendant had customarily maintained flasher signal lights at the crossing in question but as he approached the crossing these signals were not operating and that the defendant gave no signal indicating the approach of the train until plaintiff was within fifty feet of the crossing; that he looked both to his right and to his left as he approached the crossing and had observed no approaching train until within fifty feet of the rails at which time the signal was displayed; that no warning by whistle, siren or bell was given as he approached the crossing; that upon receiving warning he at once applied the brakes to his vehicle but was unable to avoid the collision; that it was impossible to stop his vehicle after receiving the signal of the approach of the train in time to avoid the collision; that his brakes were in good working order and that the defendant's train with which plaintiff's tractor-trailer collided came from a northeasterly direction and by reason of obstructions was not visible to one approaching the the railway crossing from the west until he reached a point about fifty feet from the track.

It was stipulated by counsel for the respective parties that:

" * * * if Ed Leu of Muscatine, Iowa was called as a witness for Robert N. Baker, he would testify that he sold Mr. Baker a 1949 Diamond T Model 614 tractor on May 1, 1949 at the cost of $5,082.00 and that the value of said tractor on December 3, 1950 before the accident was $3,582.00.

"Furthermore, if Harold Bein of the Silvis Auto Parts in Silvis, Illinois was called as a witness, he would testify that the value of the

1949 Diamond T. Model 614 tractor belonging to Robert N. Baker immediately following the accident of December 3, 1950 was in the amount of $116.87.

"Total Damage to
Tractor ...........$3,465.13
" * * * that if Mr. Robert Schucraft, the proprietor of the Moline Body Company of Moline, Illinois was called as a witness, he would testify that he sold to Robert N. Baker on December 26, 1949 a 1947 Freuhauff trailer with a stock rack at a cost of $2,700.00 and that the value of said trailer immediately prior to the accident of December 3, 1950 was $2,000.00. He would further testify that following the accident the value of said trailer was $300.00.

"Total Damage to
Trailer ............$1,700.00
" * * * that if Mr. Nels Holgate, the manager of the Livestock Commission firm of Norse and Holgate, was called as a witness, he would testify that the value of the cattle being hauled in Mr. Robert N. Baker's truck on December 3, 1950 was $28.00 per hundred weight, and that the average weight of each of these cattle was 950 lbs.; that four of these cattle were killed and three of them crippled in the collision, and that the loss sustained by Mr. Baker as a result of these dead cattle and shrinkage of the crippled cattle amounted to $1,289.92.

"Total Damage to
Cargo ............$1,289.92
"Total Damage ......$6,455.05"

At the close of all the testimony the defendant moved for a directed verdict on the ground that plaintiff was guilty of contributory negligence and that there was no substantial evidence of negligence on behalf of the defendant. The motion was overruled. Plaintiff did not interpose any motion for a directed verdict and the case was submitted to the jury on instructions to which neither party saved any exceptions. In addition to instructing the jury the court submitted the following interrogatories:

1. "State whether or not you found that the defendant, Railroad Company gave a proper whistle signal or bell signal as it approached the crossing?"

2. "State whether or not you found that the flasher light signal was working properly as defendant's train approached the railroad crossing?"

The jury answered interrogatory number one in the affirmative and interrogatory number two in the negative and the jury returned a general verdict in favor of plaintiff and against the defendant, assessing plaintiff's damages at $500. When the verdict was returned no exceptions or objections were interposed as to its amount or sufficiency and it was received and filed and the jury discharged. In due course plaintiff interposed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. This motion was denied. The defendant also interposed a motion for judgment in its favor notwithstanding the verdict which motion was likewise denied and these appeals followed.

■ We shall first refer to the appeal by the defendant. By interposing a motion for a directed verdict at the close of all the testimony it laid the basis for challenging the sufficiency of the evidence to sustain the verdict against it. In considering the question of the sufficiency of the evidence to sustain a verdict the evidence must be viewed in a light most favorable to the prevailing party and all conflicts in the evidence will be deemed to have been resolved in favor of the prevailing party. The prevailing party is also entitled to the benefit of all such favorable inferences as may reasonably be drawn from the facts proven. In the instant case when so viewed we think there was substantial evidence that plaintiff was free from contributory negligence and that the accident was the result of the negligence of the defendant.

Plaintiff's appeal is from the order of the court denying his motion for judgment notwithstanding the verdict or for a new trial and from the final judgment of the court entered on the jury verdict and he urges that the court abused its discretion in denying his motion. So far as the motion asked for judgment notwithstanding the verdict it is sufficient to observe that this remedy was not available because he had not moved for a directed verdict. Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A. While the notice of appeal is directed not only to the order denying his motion for a new trial but also to the alleged judgment, a search of the record fails to disclose that any judgment has been entered. No judgment is set out in the printed record as required by Rule 10(b) of the rules of this court nor does any entry appear in the docket entries set out in the record indicating that final judgment has been entered. There is therefore nothing presented here for our consideration except the claim that the court's order denying plaintiff's motion for new trial was erroneously denied.

It is apparently the contention of plaintiff that the stipulation of the parties with reference to the testimony of certain witnesses as to plaintiff's damages had the effect of fixing the amount of damages recoverable. In other words the contention is that the damages were liquidated. If this contention were accepted then when the jury returned a verdict in open court the error, if any, was apparent and counsel for the plaintiff should then have called the matter to the attention of the court and requested that the verdict be corrected so as to fix the damages as liquidated or to give the jury additional instructions with reference thereto and cause the jury to retire further to consider the matter. 53 Am. Jur., Trial, Section 1099; Ball v. T. J. Pardy Const. Co., 108 Conn. 549, 143 A. 855, 63 A.L.R. 139. This was not done. The jury had control of the verdict until it was filed and had the matter been called to the attention of the court it would then have had an opportunity to pass squarely upon the matter prior to accepting the verdict and the entry of judgment. Its ruling might then have been reviewed on appeal from the judgment.

In this connection it should be noted that the court instructed the jury on the question of damages as follows:

"If Mr. Baker has established by a preponderance of the evidence each and all of the four foregoing material allegations of his cross-claim, then he would be entitled to a verdict in some amount at your hands on his cross-claim, but not to exceed $6,455.05."

And the court further instructed the jury that:

"If you should find for Robert N. Baker on his cross-claim, the form of your verdict would be:

" 'We the jury, find for Robert N. Baker on his cross-claim against the defendant, Chicago, Burlington & Quincy Railroad Company, and assess the amount of his recovery at ...............Dollars.' "

Neither of these instructions was excepted to. Manifestly, if as contended by plaintiff the amount of the damages was fixed then the instruction that the jury might find " * * * in some amount * * * but not to exceed $6,455.05" was erroneous but not being excepted to it became the law of the case and it cannot now be urged that the jury was bound to find the damage in the amounts now claimed.

But quite aside from this principle it is to be noted that the stipulation does not purport to fix the amount of the damages. It only states that these witnesses if called would testify to the amount of damages and under the instructions of the court the jury was not bound to accept the amount as testified to by the witnesses but could fix the amount of damages " * * * in some amount * * * but not to exceed $6,455.05."

It has long been the rule in Federal courts that an order denying a

motion for a new trial is not reviewable, and in the absence of a motion for a directed verdict the question of the sufficiency of the evidence will not be considered on appeal. Dinet v. Rapid City, S. D., 8 Cir., 222 F. 497; Fricke v. General Accident, Fire & Life Assur. Corp., 8 Cir., 59 F.2d 563; Mutual Benefit Health & Accident Ass'n v. Bowman, 8 Cir., 99 F.2d 856; Mutual Ben. Health & Accident Ass'n v. Thomas, 8 Cir., 123 F. 2d 353; Minnehaha County, S. D. v. Kelley, 8 Cir., 150 F.2d 356; Harnik v. Lilley, 8 Cir., 167 F.2d 159; Een v. Consolidated Freightways, 8 Cir., 220 F.2d 82.

The argument that the circumstances in the instant case are so exceptional that the denial of the motion for a new trial should be held to be such an abuse of discretion as to warrant a reversal is, we think, wholly without merit. The judgment appealed from is therefore affirmed.