JOHN J. HEDDERMAN ET AL. *v.* ROBERT HALL OF WATERBURY, INC.

DALY, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued June 3—decided July 1, 1958

*Arthur Levy, Jr.,* with whom, on the brief, was *Irwin E. Friedman,* for the appellant (defendant).

*James T. Healey,* with whom, on the brief, were *Patrick Healey* and *Frank T. Healey, Jr.,* for the appellees (plaintiffs).

KING, J. On or about September 1, 1955, the plaintiffs, a partnership, entered into a contract with the defendant for the installation of a new roof on its retail clothing store in Waterbury at the agreed price of $2773. In a letter confirming the acceptance of the plaintiffs' bid, the defendant stated that the work was "to be done in such a manner so that at the completion of each day's work the roof will be tight" and "so as not to interfere with the operation of the

store." The roof, when completed, conformed to the specifications of the contract, but it is admitted in the pleadings that the defendant has paid only $1231.11. In this action the plaintiffs seek recovery of the balance of the contract price. The answer denied the paragraph of the complaint alleging performance of the contract. It was the defendant's claim that the plaintiffs "had not substantially performed their contract and had breached" it because certain merchandise in the store, as well as the interior ceiling, had been damaged during the course of the work by the leakage of rain water and tar through the roof.

The court in effect found that the water leakage, which caused most of the damage complained of, had been through the old roof and, inferentially at least, that the leakage of the tar was not a breach of the contract as such. Thus the court's conclusion that the plaintiffs had substantially performed their contract was supported. No changes can be made in these findings.

In addition to its answer, the defendant interposed a counterclaim seeking damages for injury to its merchandise and to the interior ceiling caused by the plaintiffs' negligence in the performance of the contract. This raised again the claim of an injury as the result of leakage of rain water and tar, but here the cause of action was based on negligence, under the rule of cases such as *Dean* v. *Hershowitz,* 119 Conn. 398, 409, 177 A. 262; *Urban* v. *Hartford Gas Co.,* 139 Conn. 301, 304, 93 A.2d 292; and *Bifield* v. *Bruner-Ritter, Inc.,* 144 Conn. 747, 748, 137 A.2d 751. There may, of course, be situations where even though there is no breach of a contract, a liability arises because of injury resulting from negligence occurring in the course of the performance of the

contract. *Dean* v. *Hershowitz,* supra, 405; 12 Am. Jur. 1042, § 458. This liability arises from an application of the broad rule that the duty to exercise reasonable care arises whenever the activities of two persons come so in conjunction that the failure by one to exercise that care is likely to cause injury to the other. *Borsoi* v. *Sparico,* 141 Conn. 366, 370, 106 A.2d 170.

The court allowed damages under the counterclaim in the total amount of $88.85, based on the leakage of tar. It found that the plaintiffs were entitled to recover under the complaint the entire unpaid balance of $1541.89 less a credit of $88.85. No question is raised as to the form of the judgment, in which the amount found due under the counterclaim was credited against the amount found due under the complaint, and the actual judgment was rendered solely on the complaint in the amount of $1453.04 with interest, making a total of $1562, together with costs.

Since, on the counterclaim, the court disposed of the issues having to do with the claimed injuries from water leakage on the basis of a failure to prove compensatory damages, we pursue the same course here. While the court in its judgment did not allow even nominal damages under the counterclaim for these claimed injuries, this is not a case where a new trial would be granted merely to permit the recovery of nominal damages. *Schmeltz* v. *Tracy,* 119 Conn. 492, 496, 177 A. 520. Therefore we can confine the discussion to the claimed errors in the refusal to award compensatory damages.

Under its counterclaim, the defendant had the burden of proving actionable negligence in order to recover even nominal damages. *Parker* v. *Griswold,* 17 Conn. 288, 302; *Floyd* v. *Fruit Industries, Inc.,*

144 Conn. 659, 668, 136 A.2d 918. To recover compensatory damages, the defendant had the further burden of proving the nature and extent of the damage proximately caused by the plaintiffs' negligence and the reasonable amount of the losses resulting therefrom. *Stanton* v. *New York & E.R. Co.*, 59 Conn. 272, 282, 22 A. 300. It is true that mathematical exactitude in the proof of damages is often impossible, and that "all that can be required is that the evidence, with such certainty as the nature of the particular case may permit, lay a foundation which will enable the trier to make a fair and reasonable estimate." *Ball* v. *T. J. Pardy Construction Co.*, 108 Conn. 549, 551, 143 A. 855. But he "who seeks to recover damages . . . must establish a reasonable probability that . . . [the] injury [to the property] did bring about a loss . . . and must afford a basis for a reasonable estimate by the trier, court or jury, of the amount of that loss." Ibid.

The finding discloses some water damage, subject to diminution by cleaning and other methods, to sixty-three suits of clothes. The defendant seems to claim that if it proved any damage, however slight, to an article of merchandise, it was entitled to recover the full retail value of the article unless the plaintiffs proved that the damage was less than total or that for some other reason recovery should be in a lesser amount. This is contrary to our law. Ibid. It is also contrary to the authorities elsewhere. 2 Harper & James, Torts, § 25.6. The court acted correctly in refusing to allow compensatory damages for the injury to the sixty-three suits of clothes, since the defendant failed to prove the reasonable amount of its loss. There is nothing in *Eastern Sportswear Co.* v. *S. Augstein & Co.*, 141 Conn. 420, 425, 106 A.2d 476, in *Littlejohn* v. *Elionsky*, 130 Conn. 541, 542, 36 A.2d

52, or in *Bullard* v. *de Cordova,* 119 Conn. 262, 268, 175 A. 673, the three Connecticut cases relied on by the defendant, which supports its position.

The water leakage also loosened several squares in the ceiling, causing them to fall. These the plaintiffs replaced at their own expense. The ceiling had been somewhat discolored and stained from water leakage occurring prior to, and disconnected with, the leakage involved in this case. Since the squares in the ceiling were of an obsolete type, blocks of a different color had to be used in replacement. Prior to the work on the roof the defendant had reached a decision to repaint the interior of its store, including the ceiling. It now seeks to recover the total cost of repainting the ceiling on the ground that this was made necessary by the difference in color of the replacement squares. Here again, the court was not in error in disallowing compensatory damages, since the defendant failed to prove the reasonable amount of its loss, if any, proximately resulting from any injury to the ceiling.

In the course of the work, but prior to the water leakage, tar had come through the roof and stained three women's coats. For these the trial court allowed the defendant, under its counterclaim, the full retail value of $88.85, although the finding discloses no proof that they were a total loss, or why, if they were, the defendant should have been allowed their full retail value. Restatement, 4 Torts § 911, comment d; 25 C.J.S. 627, § 88 n.55; see *Stoll* v. *Almon C. Judd Co.,* 106 Conn. 551, 560, 138 A. 479. Any error by the court in this respect was, however, favorable to the defendant and something of which it could not properly complain.

There is no error.

In this opinion the other judges concurred.