STERN AND COMPANY, INC. *v.* INTERNATIONAL HARVESTER COMPANY

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued November 6—decided December 16, 1958

Irving S. Ribicoff, with whom was Louise H. Hunt, for the appellant (plaintiff).

James W. Carpenter, with whom was William E. Glynn, for the appellee (defendant).

KING, J.  The plaintiff and the defendant, late in 1950, entered into a distributorship agreement, under the terms of which the plaintiff was to act as the exclusive distributor of the defendant's refrigeration products in Connecticut, all of Vermont except Bennington County, and certain counties in western Massachusetts.  It also provided that the defendant might change the plaintiff's territory from time to time "by giving notice in writing to the . . . [plaintiff] of such change without otherwise affecting the terms of this agreement and without incurring any liability to the [plaintiff]."  Changes in territory had in fact been made during the term of the contract, and in each case written notice had been given the plaintiff.  The retail dealers in the territory involved had also been notified by both parties of the change and given information as to whom they should contact with respect to repairs, replacement of parts, warranties, other services and the placement of

orders for new products. It is the custom in the trade that both manufacturer and distributor should notify retail dealers of a change in distribution territory, giving the name of the new distributor and the effective date of the change. On October 6, 1953, the defendant, without notice to the plaintiff, entered into a distributorship contract with I. Feldman Company, hereinafter referred to as Feldman, of Providence, for the sale of the defendant's refrigeration products. Included in Feldman's territory were New London and Windham Counties in Connecticut. Feldman immediately sent its salesmen into its territory, including the two counties in Connecticut, and they called on the plaintiff's retail dealers. On October 13, 1953, the plaintiff canceled its entire distributorship agreement with the defendant in accordance with its terms.

The complaint was in three counts. The first count sought damages, generally, for breach of contract. The second sought damages on the ground that the defendant "instructed, counselled and induced" Feldman to call upon the plaintiff's dealers in the two counties, thereby causing the plaintiff a loss of prestige, good will and sales. The third count sought damages on the ground that the defendant "knew or should have known that by appointing . . . [Feldman] its distributor . . . [Feldman] would call on plaintiff's dealers . . . and enter into sales activities," thereby causing the plaintiff a loss of prestige, good will and sales. The answer was a general denial and a special defense alleging the plaintiff's cancellation, on October 13, 1953, of the entire distributorship agreement "effective within a thirty-day period."

The court's basic finding was that the plaintiff had failed to prove the amount of any damage proxi-

mately resulting from the defendant's failure to give written notice to the plaintiff before the appointment of Feldman as distributor. The plaintiff had at least two main burdens on the issue of compensatory damages. The first was that of proving that it had sustained an injury of a nature within the purview of the allegations of its complaint as a proximate consequence of the defendant's giving Feldman the territory in Windham and New London Counties without advance notice to the plaintiff. The second was that of proving facts from which the court could estimate, with reasonable certainty, the amount, in dollars, of reasonable compensation for that injury. *Ball* v. *T. J. Pardy Construction Co.,* 108 Conn. 549, 551, 143 A. 855; *Hedderman* v. *Robert Hall of Waterbury, Inc.,* 145 Conn. 410, 414, 144 A.2d 60; see *Goldman* v. *Feinberg,* 130 Conn. 671, 673, 37 A.2d 355; *Comstock* v. *Connecticut Ry. & Lighting Co.,* 77 Conn. 65, 67, 58 A. 465.

The plaintiff seems to claim that if some substantial injury resulted to the good will of its business as a result of the defendant's failure to give advance notice of the change of territory, it was entitled, as matter of law, to recover substantial damages therefor in whatever amount was indicated by credible evidence. This is not our law. "He who seeks to recover damages of this nature must [not only] establish a reasonable probability that his injury did bring about a loss . . . [but] must [also] afford a basis for a reasonable estimate by the trier, court or jury, of the amount of that loss. From the very nature of the situation, the amount of loss cannot be proved with exactitude and all that can be required is that the evidence, with such certainty as the nature of the particular case may permit, lay a foundation which will enable the trier to make a fair and rea-

sonable estimate." *Ball* v. *T. J. Pardy Construction Co.*, supra; *Proto* v. *Bridgeport Herald Corporation*, 136 Conn. 557, 572, 72 A.2d 820. In other words, it is not enough that evidence be offered which could be credited and which, if credited, would suffice under our rule. Proof, not merely evidence, is required, and proof of course includes only evidence actually credited by the trier.

The plaintiff, in its brief, states that the basic question on the appeal is whether the court erred in finding for the defendant "because plaintiff's damages could not be proved with exactitude." One of the conclusions in the finding states: "Those elements of damage which are susceptible of proof cannot be proved with exactitude." This conclusion indicates that the court held the plaintiff to an erroneous standard of precision of proof. *Ball* v. *T. J. Pardy Construction Co.*, supra. We are not able to determine from the finding that this error did not enter into the decision or for any other reason was harmless.

The plaintiff called to the stand its accountant and offered a document as a full exhibit. For present purposes, it is sufficiently accurate to describe it as a schedule made by the accountant to show what the plaintiff claimed to have proved its gross sales in 1954 and 1955 in Windham and New London Counties would have been but for the claimed damage to good will. The plaintiff offered expert testimony that a proper formula for evaluating the injury to its good will was five times the average annual shrinkage in gross profits from sales proximately resulting from the defendant's breach. It offered the document as a link in this chain of evidence. The document was excluded as a full exhibit and was thereupon marked as an exhibit for identification.

It is not in the appeal record, and ordinarily we would be unable to review the ruling excluding it, since we have no way of determining its precise content. *Roberti* v. *Barbieri,* 105 Conn. 539, 543, 136 A. 85; *Wolfpit-Villa Crest Assn., Inc.* v. *Zoning Commission,* 144 Conn. 560, 564, 135 A.2d 732. This exhibit for identification and most of the other exhibits in the case were lost after the trial but before the perfection of the appeal record, apparently without fault of counsel, and copies of only a few of the exhibits are in the record. The finding, however, sufficiently discloses the fundamental purpose of the proffer of the document and its general contents to enable us to review the ruling. *State* v. *Walters,* 145 Conn. 60, 67, 138 A.2d 786. While the defendant objected to the admission of the document on a number of grounds, the court, in its ruling excluding it, stated that it was "in the nature of an opinion" of the witness. Whether, in fact, this document was in other respects qualified for admission as an exhibit we have no way of determining and do not determine. See *State* v. *Hayes,* 127 Conn. 543, 600, 18 A.2d 895; *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 665, 136 A.2d 918. The court ruled that the document was inadmissible because it was an opinion. This was an erroneous ground for exclusion. *Doeltz* v. *Longshore, Inc.,* 126 Conn. 597, 601, 13 A.2d 505.

Where a court excludes evidence on a ground which is erroneous, and it cannot be determined that the evidence was inadmissible for the purpose for which it was offered, the error, if material, is harmful. Here the ruling was material, since it went to the basis of the plaintiff's attempt to prove damages. While the finding lacks desirable clarity, it strongly indicates that the court based its decision for the defendant on the plaintiff's failure of proof as to dam-

ages. This construction is reinforced by the memorandum of decision, to which we may resort for aid in the interpretation of uncertainties in the finding. *Vitale* v. *Gargiulo,* 144 Conn. 359, 366, 131 A.2d 830.

The defendant claims that the plaintiff's cancellation of the distributorship agreement amounted to a rescission, that the plaintiff is therefore precluded, as matter of law, from recovering any damages whatsoever for the claimed prior breach on the part of the defendant, and that consequently any errors affecting the issue of damages are harmless. We are unable on this record so to hold, as matter of law, even as to any cause of action clearly sounding in contract. *Haaser* v. *A. C. Lehmann Co.,* 130 Conn. 219, 221, 33 A.2d 135. Nor are we able to accept the claim of the plaintiff that it has shown itself entitled to nominal damages as matter of law, so that any retrial should be restricted to the issue of damages. *Hedderman* v. *Robert Hall of Waterbury, Inc.,* 145 Conn. 410, 413, 144 A.2d 60. Since a new trial must be granted, it is unnecessary to consider any other assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.