ADAM ALBANESE ET AL. *v.* THE NEW HAVEN TRAP
ROCK COMPANY ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 8—decided June 3, 1959

486

*John F. Downes,* for the appellant (named defendant).

*Frank DeNezzo,* for the appellees (plaintiffs).

KING, J.  The plaintiffs, husband and wife, sued the named defendant and the defendant Angelo Tomasso, Inc., to recover damages for injuries to their residence caused by vibration and concussion resulting from blasting operations separately and independently conducted by each defendant, neither of whom had any connection with the other.  An instrument which the parties have construed as a withdrawal of the action against the defendant Angelo Tomasso, Inc., was executed, prior to trial, in pursuance of a covenant not to sue entered into by the plaintiffs upon receipt of $225 from that defendant.  The named defendant, hereinafter referred to as the defendant, was thus left the sole defendant on the trial.

The claim that the court had to credit the defendant's expert testimony that its blasting could not have damaged the plaintiffs' home is without merit. *King* v. *New Haven Trap Rock Co.,* decided this day.

The plaintiffs asserted that the damage to their property was caused from time to time in 1951 and 1952 by blasts set off by the defendant.  The court found that Angelo Tomasso, Inc., conducted a quarrying operation in the same general area as the defendant and in connection therewith also did blasting in 1951, on May 29, July 30, August 9 and

August 15, and in 1952, on May 9 and September 22. The court further found that the defendant conducted blasting operations in 1951 on April 24, and in 1952 on April 17, May 9, July 8, October 23 and December 2. On no single day in 1951 did both the defendant and Angelo Tomasso, Inc., conduct blasting operations. The plaintiffs noted damage on April 24, 1951, a day on which the defendant set off a blast. On no one of the other days in 1951 on which they noted damage had the defendant blasted, either on that day or recently prior thereto, and there is no support for a finding that any damage noted on any of those days was caused by the defendant. On but one day in 1952, May 9, did both Angelo Tomasso, Inc., and the defendant conduct blasting operations, but on that day the plaintiffs noted no damage. As to the other days in 1952 on which the defendant blasted, damage was noted on April 17, October 23 and December 2. On September 8, the only other day in 1952 on which the plaintiffs noted damage, neither Angelo Tomasso, Inc., nor the defendant conducted blasting operations, nor had they on any day recently prior thereto.

While the finding is lacking in desirable precision, it is obvious that the expressed intent in the language used was to find that damage was caused by the defendant on the various days on which the plaintiffs noted damage and that the estimates and actual costs of repairing the specific items of damage constituted reasonable compensation to the plaintiffs.

The various items of damage noted, such as cracked plaster and broken windows, were in general repaired soon after they occurred. The cost of the repairs due to the damage caused on April 24, 1951, was found to be at least $35; the damage on

April 17, 1952, $36.50; the damage on October 23, $64; and the damage on December 2, in excess of $20. The fair compensation for these items of damage caused by the defendant was, in 1951, at least $35, and in 1952, at least $120.50, or an over-all total of at least $155.50. Neither in the trial court nor here did the plaintiffs claim interest pursuant to § 37-3 of the 1958 Revision on any item of damage under the rule of cases such as *New York, N.H. & H.R. Co.* v. *Ansonia Land & Water Power Co.,* 72 Conn. 703, 705, 46 A. 157, and *Judd* v. *H. S. Coe & Co.,* 117 Conn. 510, 513, 169 A. 270. The court could properly find, as in effect it did, that the plaintiffs had proven the amount, in dollars, of reasonable compensation for each of the foregoing specific items of damage with the reasonable certainty which the law requires. *Stern & Co.* v. *International Harvester Co.,* 146 Conn. 42, 45, 147 A.2d 490. In the assessment of damages, however, the court proceeded in an entirely different way. It found as a conclusion that there was over-all damage to the plaintiffs' building caused by the blasting operations of the defendant and Angelo Tomasso, Inc., during 1951 and 1952, that reasonable compensation therefor was $765, and that from this sum $225, the amount paid for the covenant not to sue, should be deducted. The court accordingly gave judgment against the defendant for $540. In so doing, it seems to have given no consideration to the foregoing findings on the amount of reasonable compensation for the specific items of damage proximately caused by the defendant's blasting.

The finding contains no subordinate facts supporting a judgment in the amount rendered. There are no subordinate facts found supporting the conclusion as to the over-all damage to the plaintiff's house

or the reasonable compensation for that damage, either with regard to the damage caused by both the defendant and Angelo Tomasso, Inc., or that caused by the defendant alone. The only findings as to damages for injury caused by the defendant are the foregoing specific amounts covering individual items of injury. If we look to the evidence, it appears that the plaintiffs' witness Dorne testified that in his opinion fair compensation for the over-all damage amounted to at least $600. Of the over-all damage, he thought 90 per cent was caused by the defendant and 10 per cent by Angelo Tomasso, Inc., but he testified that this division was "sheer speculation." This evidence, of course, would not support any allocation of damages as between the defendant and Angelo Tomasso, Inc. *Witkowski* v. *Goldberg,* 115 Conn. 693, 696, 163 A. 413.

In their brief, the plaintiffs disclaim any recovery on the theory that Angelo Tomasso, Inc., and the defendant were joint tort-feasors, stating: "Damage resulted to the [plaintiffs'] property as a result of the defendant's blasting. [It is] this damage and this damage alone that the Court has appraised . . . . In this case the damages [caused by the defendant] were separate and distinct and so found by the Court." It is thus obvious that the plaintiffs are making no claim under the single, indivisible injury rule of cases such as *Doe* v. *Saracyn Corporation,* 138 Conn. 69, 76, 82 A.2d 811; 2 Harper & James, Torts §§ 20.2, 20.3. Consequently, we have no occasion to consider whether, besides compensation for the specific items of damage proven to have been directly and entirely caused by the blasting activities of the defendant, compensation could have been recovered from the defendant for other damage, general in nature, to the plaintiffs' house, even

though in part caused by the activities of Angelo Tomasso, Inc.

There is error in the amount of the judgment only, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiffs to recover $155.50.

In this opinion the other judges concurred.