******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# WILLIAM L. ROACH *v.* TRANSWASTE, INC.
## (SC 20718)

Robinson, C. J., and McDonald, D'Auria, Mullins,
Ecker and Alexander, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant for the allegedly
wrongful termination of his employment, in violation of public policy
and the statute ((Rev. to 2015) § 31-51q) prohibiting an employer from
retaliating against an employee for exercising constitutionally protected
speech. The plaintiff, who had been employed by the defendant as
a commercial truck driver, alleged that the defendant terminated his
employment after he raised complaints concerning the safety of its
vehicles. At trial, the plaintiff testified that, following the termination
of his employment, he was out of work for approximately 6 months,
the defendant had paid him at a rate of 46 cents per mile, he had driven
a little more than 2000 miles per week, and he had driven approximately
230,000 miles during his 2 years with the defendant. The plaintiff's
testimony was the sole evidence presented with respect to his lost
wages, and the defendant offered no evidence to impeach his testimony.
The jury returned a verdict for the plaintiff and awarded him $24,288
in damages for lost wages. The jury interrogatories indicated that the
jury had found that the plaintiff was owed wages corresponding to 2200
miles per week at a rate of 46 cents per mile for a period of 24 weeks.
The defendant filed a motion for remittitur, seeking to reduce the dam-
ages award to zero. The defendant asserted that there was no evidence
to support the damages award because the plaintiff had failed to provide
tangible evidence or to testify with sufficient specificity as to his lost
wages. The trial court denied the defendant's motion for remittitur,
concluding that the plaintiff had presented sufficient evidence to support
the damages award and that, in light of the specific figures in the jury
interrogatories, the award was a reasonable estimate of the plaintiff's
lost wages. The trial court thereafter rendered judgment for the plaintiff
in accordance with the jury's verdict. The plaintiff appealed and the
defendant cross appealed to the Appellate Court. In its cross appeal,
the defendant claimed, inter alia, that the trial court had erred by failing
to set aside the damages award. The Appellate Court upheld the trial
court's denial of the defendant's motion for remittitur, concluding that
the trial court had not abused its discretion in declining to set aside the
damages award. On the granting of certification, the defendant appealed
to this court.

*Held* that the Appellate Court did not err in upholding the trial court's denial
of the defendant's motion for remittitur:

Although the Appellate Court, in upholding the trial court's denial of the
defendant's motion for remittitur, relied on the trial court's characteriza-
tion of the damages award as a reasonable estimate without citing the
applicable reasonable certainty standard of proof, this court's case law
links the reasonable certainty standard to the ability to make a reasonable
estimate, the reasonable estimate benchmark has consistently appeared
in this court's cases assessing damages awards, and the term "reasonable
certainty" in this context requires only evidence that is sufficient to
enable the fact finder to arrive at a reasonable estimate and thereby
remove the award from the realm of speculation.

Contrary to the defendant's claim that the plaintiff did not prove his lost
wages with reasonable certainty because the only evidence he offered
was his own generalized and nonspecific testimony, the fact that the
damages award was premised exclusively on testimonial evidence did
not, in and of itself, render the evidence insufficient to meet the reason-
able certainty standard, and the plaintiff's testimony was sufficient to
remove the damages award from the realm of speculation, as the plaintiff
proved to the jury's satisfaction that the defendant wrongfully terminated
his employment, that the defendant owed him lost wages for the subse-
quent period of approximately six months when he was unemployed, and

that the distances and per mile amounts to which he testified accurately represented his former workload and compensation, and the jury used these proven facts to calculate a reasonable estimate, consistent with the evidence before it, of the amount of the plaintiff's lost wages.

Moreover, there was no merit to the defendant's claim that the damages award was improperly speculative because it required the jury to guess at the number of miles that the plaintiff had driven for the defendant, the duration of his unemployment, and how any inclement weather could have affected his workload because, although the plaintiff could have provided a greater degree of specificity as to how many weeks he was unemployed, the jury apparently awarded damages on the low end of the range of a reasonable estimate, and the two year average from which the jury calculated the weekly mileage for lost wages was a sufficiently lengthy period to account for variances in the weather.

Furthermore, this was not a case in which it could not be determined how or why the jury arrived at its damages award or in which the award had been based on an unresolved contingency, as the jury based its award on figures drawn directly from uncontroverted testimony, and the method the jury employed for its calculations was set forth in its interrogatories form.

Accordingly, it was clear that the damages award was not based on speculation or guesswork, and the plaintiff proved his damages to a reasonable certainty by providing nonspeculative evidence from which the jury derived a fair and reasonable estimate.

Argued April 26—officially released August 1, 2023

*Procedural History*

Action to recover damages for, inter alia, the allegedly wrongful termination of the plaintiff's employment, and for other relief, brought to the Superior Court in the judicial district of Hartford and tried to the jury before *Noble, J.*; verdict for the plaintiff; thereafter, the court, *Noble, J.*, denied the defendant's motion for remittitur and rendered judgment in accordance with the verdict, and the plaintiff appealed and the defendant cross appealed to the Appellate Court, *Bright, C. J.*, and *Suarez* and *Vertefeuille, Js.*, which reversed the trial court's judgment in part and remanded the case for further proceedings, and the defendant, on the granting of certification, appealed to this court. *Affirmed*.

*Glenn L. Formica*, for the appellant (defendant).

*James V. Sabatini*, for the appellee (plaintiff).

*Opinion*

ALEXANDER, J. The sole issue in this certified appeal is whether the jury was presented with sufficient evidence to award the plaintiff, William L. Roach, lost wages in this wrongful termination action. The defendant, Transwaste, Inc., claims that the Appellate Court improperly upheld the trial court's denial of the defendant's motion for remittitur. We disagree with the defendant and affirm the judgment of the Appellate Court.

The record reveals the following undisputed facts and procedural history relevant to the damages issue in the present appeal.[1] The plaintiff was employed by the defendant as a commercial truck driver from 2013 through 2015. The defendant terminated the plaintiff's employment after the plaintiff raised several complaints to the defendant about the safety of its vehicles. The plaintiff thereafter commenced the present action, claiming that his employment was wrongfully terminated in violation of public policy and General Statutes (Rev. to 2015) § 31-51q.[2]

At trial, the sole evidence relating to lost wages was adduced through the plaintiff's testimony. The plaintiff testified that he had been out of work for "[a]bout six months" following the termination of his employment. He also testified that the defendant had paid him at a rate of 46 cents per mile, that he always had driven a little more than 2000 miles per week, and that he had driven approximately 230,000 miles during his two years with the defendant. The defendant offered no evidence to impeach this testimony.

The jury returned a verdict in favor of the plaintiff and awarded him $24,288 in damages for lost wages. The jury interrogatories reflected that it had found that the plaintiff was owed wages corresponding to 2200 miles per week at a rate of 46 cents per mile for a period of 24 weeks.

The defendant filed several postverdict motions, including a motion for remittitur, seeking to reduce the award of damages to zero dollars. The defendant contended that there was no evidence to support the award because the plaintiff had neither provided tangible evidence nor testified with sufficient specificity about his lost wages. The trial court denied all of the defendant's postverdict motions.

With regard to the motion for remittitur, the trial court concluded that the plaintiff had presented sufficient evidence to support the award. The trial court pointed to the specific figures in the jury interrogatories and drew the following inferences. The jury had arrived at the 2200 mile per week figure by dividing the 230,000 miles that the plaintiff had driven in his 2 years with the defendant by the number of weeks in 2 years and rounding down the resulting figure of 2211 miles. The jury then had multiplied this weekly mileage by the

payment rate of 46 cents per mile to yield a weekly income of $1012. By multiplying $1012 by 24 weeks (the trial court assumed that the jury had used an estimate of 4 weeks per month for a period of 6 months), the jury reached the final amount of $24,288 in damages for lost wages. The trial court determined that, although the calculations of damages were "not reflective of absolute precision, they nevertheless arrive at a reasonable estimate derived from the trial evidence."

The plaintiff appealed from the trial court's judgment to the Appellate Court. The defendant cross appealed, claiming, among other things, that the trial court erred by failing to set aside the jury's damages award.[3] See *Roach* v. *Transwaste, Inc.*, 210 Conn App. 686, 694, 697, 270 A.3d 786 (2022). The defendant argued that the plaintiff had not produced any evidence to support his claim of lost wages because his testimony was speculative, and, thus, the jury's award of damages was not supported by sufficient evidence. Id., 697.

The Appellate Court concluded that the trial court did not abuse its discretion in declining to set aside the award. Id., 698. The Appellate Court cited the deferential standard of review of denials of motions for remittitur and the "clear evidence in the record from which the jury could have arrived at its verdict and the amount of the award of damages to the plaintiff." Id. The court also concluded that the trial court, "having observed the trial and evaluated the testimony firsthand," was in a better position to determine "that the jury could reasonably and legally have reached the verdict that it did." (Internal quotation marks omitted.) Id., 698–99. This certified appeal followed.[4]

On appeal to this court, the defendant claims that the Appellate Court erred in upholding the trial court's denial of its motion for remittitur. Specifically, the defendant claims that the plaintiff did not prove his lost wages with reasonable certainty because the only evidence he offered was his own "generalized and nonspecific" testimony. The defendant argues that, if we were to affirm the Appellate Court's judgment, we would be lowering the established legal standard for proving economic damages. The defendant asserts that the Appellate Court departed from the requirement that damages be proven with reasonable certainty by applying the less stringent standard of a reasonable estimate.[5] We disagree.

Our review is guided by the following principles. In considering the trial court's decision whether to order remittitur, a reviewing court must be mindful that "[t]he court's broad power to order a remittitur should be exercised only when it is manifest that the jury [has awarded damages that] are contrary to law, not supported by proof, or contrary to the court's explicit and unchallenged instructions." (Internal quotation marks omitted.) *Ashmore* v. *Hartford Hospital*, 331 Conn. 777,

782, 208 A.3d 256 (2019). "[T]he decision whether to reduce a jury verdict because it is excessive as a matter of law . . . rests solely within the discretion of the trial court. . . . [Consequently], the proper standard of review . . . is that of an abuse of discretion. . . . [T]he ruling of the trial court . . . is entitled to great weight and every reasonable presumption should be given in favor of its correctness." (Internal quotation marks omitted.) Id., 783.

In the present case, the trial court's denial of the motion for remittitur was based on its determination that the evidence was sufficient to support the damages award. The law governing a claim of evidentiary insufficiency in this context is well settled. "Damages are recoverable only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty. . . . [T]he court must have evidence by which it can calculate the damages, which is not merely subjective or speculative . . . but which allows for some objective ascertainment of the amount. . . . This certainly does not mean that mathematical exactitude is a precondition to an award of damages, but we do require that the evidence, *with such certainty as the nature of the particular case may permit, lay a foundation* [*that*] *will enable the trier to make a fair and reasonable estimate.*" (Citations omitted; emphasis added; internal quotation marks omitted.) *Weiss* v. *Smulders*, 313 Conn. 227, 253–54, 96 A.3d 1175 (2014); see also *Gaudio* v. *Griffin Health Services Corp.*, 249 Conn. 523, 554, 733 A.2d 197 (1999) ("[d]amages are recoverable only to the extent that the evidence affords a sufficient basis for *estimating* their amount in money *with reasonable certainty*" (emphasis added)).

Although the Appellate Court relied on the trial court's characterization of the damages award as a "reasonable estimate" without citing the reasonable certainty standard of proof; (emphasis omitted; internal quotation marks omitted) *Roach* v. *Transwaste, Inc.*, supra, 210 Conn. App. 698; as the preceding discussion demonstrates, our case law links the standard of reasonable certainty to the ability to make a reasonable estimate. See, e.g., *Weiss* v. *Smulders*, supra, 313 Conn. 253–54 (using both terms); *Ulbrich* v. *Groth*, 310 Conn. 375, 441, 78 A.3d 76 (2013) (same); *American Diamond Exchange, Inc.* v. *Alpert*, 302 Conn. 494, 510–11, 28 A.3d 976 (2011) (same); see also Connecticut Civil Jury Instructions 4.5-4, available at https://jud.ct.gov/JI/Civil/Civil.pdf (last visited July 26, 2023); Connecticut Civil Jury Instructions, supra, 4.5-8. The "reasonable estimate" benchmark has consistently appeared in our cases assessing damages awards since the early twentieth century. See, e.g., *Hicks* v. *State*, 287 Conn. 421, 463, 948 A.2d 982 (2008); *Hedderman* v. *Robert Hall of Waterbury, Inc.*, 145 Conn. 410, 414, 144 A.2d 60 (1958); *Ball* v. *T. J. Pardy Construction Co.*, 108 Conn. 549, 551, 143 A. 855 (1928). The term "reasonable certainty"

in this context therefore requires only evidence that is sufficient to enable the fact finder to arrive at a reasonable estimate and thereby remove the award from the realm of speculation. See, e.g., *Carrano* v. *Yale-New Haven Hospital*, 279 Conn. 622, 650, 904 A.2d 149 (2006) ("[p]roof of damages should be established with reasonable certainty and not speculatively and problematically" (internal quotation marks omitted)); cf. *State* v. *Nunes*, 260 Conn. 649, 672, 800 A.2d 23 1160 (2002) (term "reasonable medical certainty" means "reasonable medical probability standard," which is standard that is applied to ensure that expert opinions are not based on mere speculation or conjecture).

The fact that a damages award is premised exclusively on testimonial evidence, as it was in the present case, does not, in and of itself, render the evidence insufficient to meet the reasonable certainty standard. Rather, "testimonial evidence is sufficient to support an award of economic damages, provided the jury's reliance on this evidence is reasonable." *Carrano* v. *Yale-New Haven Hospital*, supra, 279 Conn. 647. "[E]xcept in rare instances, there is no requirement that a [witness'] testimony be corroborated by other evidence." (Internal quotation marks omitted.) Id. "We [have seen] no reason why the traditional tests of credibility, testimony under oath and cross-examination, coupled with the claimant's burden of proof, are insufficient to measure the accuracy and reliability of testimonial evidence concerning economic damages." (Internal quotation marks omitted.) Id., 647–48; see also *Duncan* v. *Mill Management Co. of Greenwich, Inc.*, 308 Conn. 1, 37, 60 A.3d 222 (2013) (concluding that it was reasonable for jury to credit plaintiff's unsubstantiated testimony on loss of earning capacity); *Keystone Ins. Co.* v. *Raffile*, 225 Conn. 223, 236–37, 622 A.2d 564 (1993) (testimony without corroborating evidence was sufficient to recover uninsured motorist benefits).

With these principles in mind, we turn to the issue of whether the plaintiff's testimony was sufficient to remove the damages award from the realm of speculation. We agree with the Appellate Court's endorsement of the trial court's explanation as to why the jury had sufficient evidence before it to meet this standard. See *Roach* v. *Transwaste, Inc.*, supra, 210 Conn. App. 698–99. The plaintiff proved to the jury's satisfaction that he was wrongfully terminated from his employment, that the defendant owed him lost wages for the subsequent period of roughly six months when he was unemployed, and that the distances and per mile amounts to which he testified accurately represented his former workload and compensation. The jury used these proven facts to calculate a reasonable estimate, consistent with the evidence before it, of the amount of the plaintiff's lost wages.

The defendant argues that the damages award was

improperly speculative because it required the jury to guess at the number of miles that the plaintiff drove for the defendant, the duration of his unemployment, and how the weather may have affected his workload. We disagree. We make two additional comments to supplement the trial court's detailed explanation for how the jury likely arrived at the damages amount awarded. First, although it may have been possible for the plaintiff to have provided a greater degree of specificity as to how many weeks he was unemployed, rather than his approximation of six months, the jury appears to have awarded damages on the low end of the range of a reasonable estimate. The jury awarded lost wages for twenty-four weeks, whereas six months equates to twenty-six weeks. Second, the two year average from which the weekly mileage for lost wages was calculated was a sufficiently lengthy period to account for variances in the weather.

This is not a case in which "we cannot know how or why the jury arrived at its determination of damages." *Caruso* v. *Quickie Cab Co.*, 48 Conn. App. 459, 462, 709 A.2d 1154 (1998). Nor is the award based on an unresolved contingency, as the defendant contends.[6] Given that the plaintiff's pay was based on factors such as mileage that varied from week to week, it was not feasible to ascertain the exact amount he would have earned if not for the wrongful termination of his employment. The jury, however, based its award on figures drawn directly from uncontroverted testimony, and the method it employed for its calculations is set forth in the jury interrogatories form. Consequently, the damages award was not based on speculation or guesswork. But cf. *Bronson & Townsend Co.* v. *Battistoni*, 167 Conn. 321, 326–27, 355 A.2d 299 (1974) (rejecting claim for damages when there was no formula for calculating claimant's bonus and claimant "failed to allege or even to submit any testimony as to what constituted a reasonable bonus, leaving the trial court without basis by which to accord him relief"). Rather, the plaintiff proved his damages to a reasonable certainty by providing non-speculative evidence from which the jury derived a fair and reasonable estimate.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

[1] A more comprehensive discussion of the merits of the underlying case is set forth in the Appellate Court's decision. See *Roach* v. *Transwaste, Inc.*, 210 Conn. App. 686, 688–91, 697–99, 270 A.3d 786 (2022).

[2] General Statutes (Rev. to 2015) § 31-51q provides in relevant part: "Any employer . . . who subjects any employee to . . . discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the Constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such . . . discharge, including punitive damages, and for reasonable attorney's fees as part of the costs of any such action for damages. . . ."

[3] The plaintiff's appeal challenged the trial court's calculation of attorney's

fees. The defendant's cross appeal challenged the judgment on the merits and as to damages. See *Roach* v. *Transwaste, Inc.*, 210 Conn App. 686, 688–89, 270 A.3d 786 (2022). The Appellate Court reversed the trial court's calculation of attorney's fees but affirmed the trial court's judgment as to liability and damages. See id., 689. Only the defendant's claim regarding damages is at issue in this appeal.

[4] This court granted certification, limited to the following issue: "Did the Appellate Court correctly conclude that the evidence was sufficient to allow the jury to award the plaintiff future lost damages?" *Roach* v. *Transwaste, Inc.*, 343 Conn. 924, 275 A.3d 1212 (2022). Although the plaintiff, in his brief to this court, challenges the framing of the issue in terms of "future" lost damages, we need not address this contention in light of our conclusion that the defendant cannot prevail on appeal.

[5] The reasonable estimate language set forth in the Appellate Court's decision was a direct quote from the trial court's memorandum of decision. See *Roach* v. *Transwaste, Inc.*, supra, 210 Conn App. 698. The defendant made no claim in its cross appeal to the Appellate Court that the trial court had applied an incorrect legal standard. The defendant's insufficient evidence claim nonetheless requires us to assess the evidence against the proper legal standard.

[6] The defendant argues that, because the plaintiff acknowledged that the weather influenced the amount he drove from week to week and subsequently the amount he was paid, the award was impermissibly predicated on a contingency. The contingency cases that the defendant cites in support of its argument, however, are distinguishable from the present case because they involved questions whose *unresolved* outcomes necessarily required speculation as to damages. See, e.g., *Leisure Resort Technology, Inc.* v. *Trading Cove Associates*, 277 Conn. 21, 36, 889 A.2d 785 (2006) (rejecting award of damages based on market values that assumed incomplete sales agreement would be consummated); *Lewis* v. *Hartford Dredging Co.*, 68 Conn. 221, 234–37, 35 A. 1127 (1896) (rejecting award of damages based on projected market value of oyster beds, which, in turn, assumed successful cultivation thereof).

––––––––––––––––––––––––