THE WOLFPIT-VILLA CREST ASSOCIATION, INC., ET AL.
v. ZONING COMMISSION OF THE CITY OF NORWALK ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued October 1—decided October 29, 1957

*John Keogh, Jr.,* for the appellants (plaintiffs).

*Robert B. Seidman,* with whom was *Sidney Vogel,* for the appellees (named defendant et al.), and with whom, on the brief, was *George J. Lepofsky,* for the appellee (defendant Katz).

DALY, J. On June 9, 1955, the defendant commission adopted an amendment to the zoning regulations which permitted planned residential developments—apartment houses for multifamily occupancy—in B, C and D residence zones in the city of Norwalk. The amendment became effective on July 1,

1955. On or about June 24, 1955, an application was filed with the commission to change the zone of the tract of land described therein and hereinafter referred to as areas 1, 2, 3 and 4 from B residence to A residence. The application carried forty-nine signatures of owners of property and residents of premises in the tract or its vicinity. On July 25, 1955, the defendant Robert A. Katz submitted to the Norwalk planning commission for approval preliminary plans of a subdivision for garden-type apartments to be located in area 4. On December 8, 1955, following a public hearing, the defendant commission granted the application to change the zone of area 1 and denied the requested change of zone of areas 2, 3 and 4. The plaintiffs appealed to the Court of Common Pleas from the decision of the commission denying the application for the change of zone of area 4. They alleged that the commission acted illegally, arbitrarily and in abuse of the discretion vested in it. The court rendered judgment dismissing the appeal. The plaintiffs have appealed to this court.

The trial court heard the appeal on the record of proceedings before the commission consisting of the minutes of the public hearing and of the executive session held on December 8, 1955, and letters, petitions, maps and all other material relating to the hearing and the decision of the commission. The plaintiffs have assigned as error the court's conclusions that this record was sufficient and adequate for the determination of the appeal and that there was no extraordinary reason which required the court to hear evidence. They claim that the court erred in excluding evidence claimed to have been offered for the purpose of proving that an exhibit purporting to be a certified copy of the minutes of

the hearing and executive session of the commission held on December 8, 1955, was not a complete and accurate stenographic transcript. The plaintiffs also advised the court that they had subpoenaed the director of the Norwalk planning commission and records of that commission for the claimed purpose of proving that the defendant commission acted under an erroneous impression in determining that it would not be in order for it to make the requested change in zone of area 4. The court stated that such testimony and the subpoenaed records would not be admitted in evidence. The plaintiffs, further, offered the testimony of a real estate expert for the stated purpose of proving that there was more reason for a change of zone of area 4 than there was for a change of zone of area 1. The court excluded this testimony. The record does not indicate that the plaintiffs took exception to any of these rulings. An exception to a ruling must be taken in order to make it a ground for appeal. *Delfino* v. *Warners Motor Express,* 142 Conn. 301, 308, 114 A.2d 205; Practice Book § 155.

The plaintiffs offered in evidence records of the zoning board of appeals of Norwalk for the stated purpose of showing that on or about December 28, 1954, an application had been made to it by the defendant Katz for a variance to construct apartments on land in area 4, and of showing the action of the board on that application. The defendants' objection to the admission of the records was sustained. The present record does not indicate that the plaintiffs took an exception to this ruling. They then requested that the records which they had offered in evidence be marked as an exhibit for identification and took an exception to the court's denial of their request. They claim that the court erred in refusing to allow the records to be marked

as an exhibit for identification. The statement of counsel as to the purpose of asking the court to have the exhibit marked for identification makes it clear that his sole object was to obtain a record upon which the court's ruling excluding the exhibit, as such, could be reviewed. Since no exception had been taken to that ruling, no review of it could be obtained. That aside, as the records of the zoning board of appeals were neither a part of the record of the defendant commission nor necessary for the equitable disposition of the appeal, they were not admissible in evidence under the provisions of § 379d of the 1955 Cumulative Supplement to the General Statutes[1] and § N11 of the November, 1955, Supplement.[2] *Cohen* v. *Board of Appeals on Zoning,* 139 Conn. 450, 454, 94 A.2d 793; *Hoffman* v. *Kelly,* 138

[1] "Sec. 379d. APPEALS FROM BOARD TO COURT. Any person or persons severally or jointly aggrieved by any decision of said board, or any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board, may, within fifteen days from the date when such decision shall have been rendered, take an appeal to the court of common pleas of the county in which such municipality shall be located, which appeal shall be made returnable to such court in the same manner as that prescribed for civil action brought to such court. . . . Said board shall be required to return either the original papers acted upon by it, and constituting the record of the case appealed from, or certified copies thereof. The court, upon such appeal, shall review the proceedings of said board and shall allow any party to such appeal to introduce evidence in addition to the contents of the record of the case returned by said board, if said record shall not contain a stenographic report or a complete mechanical recording of the entire proceedings before said board including all evidence presented to it, or, if, upon the hearing upon such appeal, it shall appear to the court that additional testimony is necessary for the equitable disposition of the appeal. . . . The court, upon such appeal, and after a hearing thereon, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from. . . ."

[2] "Sec. N11. APPEALS PROCEDURE TO APPLY TO ALL MUNICIPALITIES. The provisions of [section] 379d . . . shall apply to appeals from . . . zoning commissions . . . . (Effective December 12, 1955.)"

Conn. 614, 618, 619, 88 A.2d 382. The record in the instant case shows no attempt by the plaintiffs to demonstrate that the evidence offered was necessary for the equitable disposition of the appeal under the foregoing rule. Consequently, although, of course, the court erred in refusing to allow the records to be marked for identification, the error was not harmful. Only fundamental and material errors which may work an injustice ought to disturb a judgment rendered in substantial accord with principles of law. *African Methodist Episcopal Church* v. *Jenkins,* 139 Conn. 418, 423, 94 A.2d 618.

The plaintiffs maintain that the court erred in dismissing their appeal, contending that the defendant commission acted under a mistake of law and under a misapprehension with respect to the rights of the defendant Katz, who planned to erect apartments on land in area 4; that they were denied a fair hearing by the commission; and that there was as much reason to change the zone of area 4 as there was to change the zone of area 1, if not more. As stated above, the commission had, on June 9, 1955, adopted an amendment to the zoning regulations. Norwalk Bldg. Zone Regs. § 3 (1929, as amended). This amendment permitted planned residential developments—apartment houses for multi-family occupancy—in a B residence zone subject to many conditions. The amendment became effective on July 1, 1955. As conceded by the plaintiffs, the defendant Katz had, on July 25, 1955—that is, after the amendment was in effect—submitted to the city planning commission for approval preliminary plans of a subdivision for garden-type apartments to be located in area 4. The planning commission had given its preliminary approval on November 2, 1955. The record of the proceedings of the defendant com-

mission shows that before the opening of the public hearing upon the application for the change of zone of area 4 the chairman had a memorandum from the planning commission read. Thereafter he said: "As area [No.] 4 covers the area, and since the preliminary plans have been approved, I believe it would not be in order for the Commission to make any change in that area." Other members of the commission expressed their views. Interested parties were heard. Reasons for granting the application and reasons for denying it were stated. In the resolution adopted by the commission at its executive session on December 8, 1955, it was stated that "the area borders on a light industrial zone and should be retained as a Residence 'B' zone in order to provide a buffer zone." The record indicates the commission's reason for granting the plaintiffs' application for a change of zone of area 1. The conditions in and the character of that area were entirely different from those in area 4. The plaintiffs' claims are without merit.

The plaintiffs assert that the commission's refusal to change the zone of area 4 is in disregard of the statutory requirement that zoning ordinances shall be made in accordance with a comprehensive plan. This contention is based upon the claim that the action of the commission fosters the interests of the defendant Katz and discriminates against other property owners. The commission's denial of the plaintiffs' application for the change of zone did not give Katz any rights he did not already possess. Section 837 of the General Statutes, which was in effect on December 8, 1955, authorized the zoning commission to regulate the use of buildings, structures and land for trade, industry, residence or other purposes and provided that such regulations should

be made in accordance with a comprehensive plan. The plaintiffs' appeal to the Court of Common Pleas was not one from the action of the commission in amending the regulations. It was from the action of the commission in denying the application for a change of zone. If the plaintiffs desired to claim, as they are now endeavoring to do, that the regulations, as amended, were not made in accordance with a comprehensive plan, they should have appealed from the commission's action in adopting the amendment on June 9, 1955.

" 'The history of zoning legislation indicates a clear intent on the part of the General Assembly that, subject to certain underlying principles, the solution of zoning questions is for the local agencies.' *Couch* v. *Zoning Commission,* 141 Conn. 349, 359, 106 A.2d 173. The zoning authority is endowed with a wide and liberal discretion. *Eden* v. *Town Plan & Zoning Commission,* 139 Conn. 59, 62, 89 A.2d 746; *Mallory* v. *West Hartford,* 138 Conn. 497, 505, 86 A.2d 668. 'The circumstances and conditions in matters of zone changes and regulations are peculiarly within the knowledge of the zoning commission. Where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing, courts should be cautious about disturbing the decision of the local authority.' *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 710, 88 A.2d 538; *Couch* v. *Zoning Commission,* supra. 'Courts must not and legally cannot substitute their own discretion for the wide and liberal discretion enjoyed by zoning agencies.' *Couch* v. *Zoning Commission,* supra." *Levinsky* v. *Zoning Commission,* 144 Conn. 117, 125, 127 A.2d 822.

There is no error.

In this opinion the other judges concurred.