STATE OF CONNECTICUT *v.* ERNESTO GONZALES

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 6-52155

Argued July 29—decided September 6, 1968

---

*William F. Gallagher,* of New Haven, for the appellant (defendant).

*John J. Kelly,* assistant prosecuting attorney, for the appellee (state).

MACDONALD, J. Following a trial to the jury, the defendant was acquitted of a charge of breach of peace and was found guilty of the crime of resisting a police officer. General Statutes § 53-165. From the judgment of guilty he has appealed, assigning error, inter alia, in the trial court's refusal to admit into evidence certain photographs offered by the defendant, and in the refusal by the trial court to have marked for identification at least one of these photographs.[1] In the view we take of this appeal, we need consider only one assignment of error—the refusal by the trial court to allow the photographs to be marked for identification.[2]

---

[1] The defendant also assigned error in the denial of his motion to set aside the verdict of guilty on the count of resisting arrest. In his brief, however, this assignment was affirmatively and specifically withdrawn. Hence, it is treated as abandoned. Maltbie, Conn. App. Proc. § 327. Also assigned as error were (a) the trial court's refusal to allow a foundation to be laid for the admission of the photographs, and (b) the refusal by the trial court to permit defense counsel to be heard on the question of foundation for the admission of the photographs in question.

[2] From the record before us, it is by no means clear that only one photograph is involved. At one point during the colloquy between the court and defense counsel, it was stated by defense counsel, "I would like to have the items in question marked for identification," whereupon the jury were excused. The following then ensued: "The court: You are all through with those photographs. I told you that before. Mr. Gallagher: I realize that, your Honor, but— The court: We are taking an awful lot of time in this case, counselor. I have given you an awful lot of leeway. Mr. Gallagher: I believe that it is customary in circumstances like this, if the court please, if

Relevant undisputed facts (and events during the trial) are summarized: On October 29, 1968, a disturbance had been reported at the corner of Ferry Street and Grand Avenue in New Haven. Officer O'Neill of the New Haven police was called to the scene. It did not appear that a fight was going on; Officer O'Neill and his fellow officers proceeded to disperse a crowd of some twenty to thirty people. Officer O'Neill noticed another officer struggling with a person other than the defendant and went to his assistance. The defendant then got out of an automobile with another man. Officers O'Neill and Rafferty stepped between the struggling officer and the defendant, and Officer O'Neill told the defendant not to interfere. At this point the defendant punched Officer O'Neill twice and was subdued by force, handcuffed, and taken to a patrol wagon and to the police station. In subduing the defendant, Officer O'Neill was obliged to use his blackjack, and he testified that he hit the upper part of the defendant's body only and that no one else struck or kicked the defendant or laid a hand on him. Officer Rafferty corroborated

---

the court excluded photographs to have—I have stated my claims with respect to the— The court: I ruled on it and gave you an exception. Mr. Gallagher: Now, I would like to, rather than make an offer of proof, I would like to have the photograph that I showed the witness and others, I intended to offer, marked for identification. Mr. Kelly: Your Honor, if— The court: No. They won't. There is no basis. No. I won't allow it. Mr. Gallagher: Well— The court: It is prejudicial. Mr. Gallagher: May I have the one photograph I showed to the witness marked for identification? Mr. Kelly: I will oppose that, Your Honor. The court: No. You are bringing in photographs. We know nothing about them. They were taken a week later. There is no basis to show they arose out of that case at all. It may have arisen out of something else." To all of this defense counsel duly excepted. At first impression, it appears that defense counsel pressed to finality his objection to the one photograph. From the entire extracts of the relevant record before us, it is fairly interpreted that all of the photographs were offered in evidence and excluded, to which exception was duly taken, and that a request was made for all of them to be marked for identification, which request was refused, and to which exception was duly taken.

Officer O'Neill's testimony. In rebuttal, defense witnesses testified that the defendant had been kicked after he had fallen. The defendant took the witness stand on his own behalf and was asked if he had a bruise on any part of his body below his chest, and he replied in the affirmative, "Yes. Got one this side here (indicating) one, when I got kicked." At this point he was shown what purported to be a photograph of the bruise, which photograph was the subject of objection by the state and an extended discussion by the court, defense counsel, and the assistant prosecuting attorney, as were other purported photographs, none of which are before us on this appeal. All of them were excluded from evidence; none of them was allowed to be marked for identification.

Whether defense counsel had laid a proper foundation for the photographs in question, whether the defense was prevented from being heard on the question of foundation, whether the photographs were improperly excluded from evidence, may well be proper issues for our consideration on an appeal. The clear purpose of the indicated line of defense testimony and the proffered exhibits was to rebut the testimony of the officers who had testified for the state and to corroborate the defense testimony that the defendant had been kicked. The refusal to allow the photographs to be marked for identification was clearly prejudicial to the defense. In its brief, the state conceded that it should not have opposed the defense request to have at least one photograph marked for identification and further conceded that the trial court should not have refused to allow the photographs to be marked for identification.

In *Duncan* v. *McTiernan*, 151 Conn. 469, 470, our Supreme Court said: "It was manifest error for the court to refuse to permit the documents to be

marked as exhibits for identification. The court had no discretion to refuse such a request, because to allow such discretion would permit a trial judge to deprive an aggrieved party of a proper record for an appeal. That is the situation in the present instance. The proffered documents, not having been marked for identification, are not a part of the record on this appeal and therefore are not available for examination by this court to determine whether the trial court made a proper ruling in excluding them as full exhibits." See Holden & Daly, Conn. Evidence § 86 (a), pp. 322, 323.

Conceding, as it does, that it was error for the court to refuse to allow the photographs to be marked for identification, the state contends that the error was not harmful, under the authority of such cases as *Wolfpit-Villa Crest Assn., Inc.* v. *Zoning Commission,* 144 Conn. 560, 565, and *Stern & Co.* v. *International Harvester Co.,* 146 Conn. 42, 47. The short answer is that the photographs in question are not available for examination by this court to determine whether the trial court made a proper ruling in excluding them as full exhibits. The scales of justice are delicate and lightly tipped. Under the circumstances, we have no alternative but to order a new trial.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion KOSICKI and JACOBS, Js., concurred.