MATTEO MINNELLI *v.* GEORGE H. POULOS ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued March 5—decision released March 12, 1974

*William R. Moller,* with whom were *Wesley W. Horton* and *Brian M. Gildea,* for the appellants (defendants).

*Alfonse C. Fasano,* with whom, on the brief, was *Victor P. Fasano,* for the appellee (plaintiff).

PER CURIAM. This action was brought by the plaintiff to recover damages he claimed to have sustained when he was struck by an automobile owned by the defendant George H. Poulos and operated by the defendant Andrew H. Poulos. The case was tried to a jury which returned a verdict for the plaintiff in the amount of $180,000. The defendants moved to set aside the verdict on the ground that it was excessive. The court denied this motion. In its memorandum of decision denying the motion, the court noted that the jury could reasonably find that the plaintiff had sustained special damages exceeding $40,000, that he had a life expectancy of 23.3 years and had sustained a 75 percent permanent disability of his lower extremities. The court con-

cluded: "In light of the above, the court was not shocked by the verdict and in its judgment felt the same was within normal limits." The defendants appealed from the judgment, assigning as error the ruling of the court denying their motion to set aside the verdict because the damages awarded were excessive. This was the sole claim pressed on this appeal.

The ruling of a trial court on a motion to set aside a verdict is entitled to great weight. *Darling* v. *Burrone Bros., Inc.,* 162 Conn. 187, 200, 292 A.2d 912. We have reviewed the evidence on the issue of damages as summarized in the appendices to the briefs and conclude that the jury could reasonably have found that the damages awarded by them constituted fair, just and reasonable compensation for the injuries which the plaintiff sustained. It cannot be held as a matter of law that the award does not fall within the necessarily uncertain limits of just damages. *Neal* v. *Shiels, Inc.,* 166 Conn. 3, 20, 347 A.2d 102; *Raia* v. *Topehius,* 165 Conn. 231, 239, 332 A.2d 93. We find no error in the refusal of the trial court to set aside the verdict.

There is no error.