HARRY BELL *v.* MARIE BIHARY

HOUSE, C. J., COTTER, LOISELLE, MACDONALD and LONGO, JS.

Argued November 12, 1974—decision released April 1, 1975

*Edward F. Kunin,* for the appellant (plaintiff).

*Peter J. Dauk,* with whom was *Collin P. Baron,* for the appellee (defendant).

LONGO, J.  The plaintiff was injured in an automobile collision on February 5, 1969, and brought suit to recover damages for his injuries and loss of earnings, and the jury returned a verdict in his favor in the amount of $2000.  The plaintiff, after his motion to set aside the verdict was denied, appealed from the judgment rendered on the verdict, claiming as error a portion of the court's charge to the jury and also the inadequacy of the verdict.  The defendant does not controvert her liability.

Since it is dispositive of the appeal, we need only reach the plaintiff's claim concerning the court's charge to the jury relative to the adverse inference.

to be drawn arising from the plaintiff's failure to call a medical witness. The correctness of the charge is determined by the claims of proof of the parties. Practice Book § 635; *Anderson & McPadden, Inc.* v. *Tunucci,* 167 Conn. 584, 586, 356 A.2d 873; Maltbie, Conn. App. Proc. § 145.

The defendant claims to have proven that the plaintiff consulted several doctors after the accident, and after a later accident, he consulted a chiropractor, Alphonse M. Marino. After several visits with Dr. Marino, the plaintiff terminated treatments of his own volition. The plaintiff's counsel chose not to call Dr. Marino as a witness at the trial, although he could have done so by his own admission.

There are two prerequisites to the operation of the rule permitting an unfavorable inference from the failure of a party to call a witness: (1) the witness must be available; and (2) he must be a witness whom the party would naturally produce. *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598. It may be noted that the party claiming the benefit of the rule on the adverse inference must show that he is entitled to it; *Raia* v. *Topehius,* 165 Conn. 231, 237, 332 A.2d 93; *Queen* v. *Gagliola,* 162 Conn. 164, 169, 292 A.2d 890; and furthermore, the party against whose cause an unfavorable inference is claimed may, of course, offer evidence to explain the failure to produce the witness. *Secondino* v. *New Haven Gas Co.,* supra. Thus, the defendant's claims of proof were sufficient to merit a charge on the matter of the nonproduction of Dr. Marino as a witness.

The court correctly charged the jury to the effect that the failure of a party to produce a witness who

is within his power to produce and who would naturally have been produced by him permits the inference that the evidence of the witness would be unfavorable to the party's cause. A witness who would naturally have been produced by a party is one who is known to him and who, by reason of his relationship to the party or to the issues, or both, could reasonably have been expected to have peculiar or superior information which was material to the case and which would have been produced, had it been favorable. *State* v. *Brown,* 163 Conn. 52, 58, 301 A.2d 547; *Secondino* v. *New Haven Gas Co.,* supra; *Ezzo* v. *Geremiah,* 107 Conn. 670, 677, 142 A. 461. Thus, if a jury finds that the witness' testimony would not be material or substantial to the case, they are not permitted to draw an adverse inference from his absence from the trial.

In addition, however, the court charged as follows: "This rule permits the jury to draw an inference that the testimony of that witness would have been unfavorable to him. It doesn't require it. If, in fact, you find that Dr. Marino could add nothing substantial or material to the plaintiff's case, then, *most probably,* under those circumstances, you would not draw the unfavorable inference. I believe that is a question of fact for you to determine under the circumstances with which we are faced here." (Emphasis supplied.)

The portion of the charge which stated that "most probably" the jury would not draw the unfavorable inference is not in accordance with the rule stated in *Secondino* v. *New Haven Gas Co.,* supra. If the jury found that Dr. Marino would not have been able to add substantial or material information concerning his diagnosis and treatment, the jury, under

those circumstances, *must not* be permitted to draw any unfavorable inference from the failure of the plaintiff to produce him as a witness. The language of this portion of the charge provided an option which should not have been available to the jury, and, if the jury did draw an unfavorable inference, the amount of damages awarded may have been affected.

To require reversal, the error committed must be harmful. *Mei* v. *Alterman Transport Lines, Inc.*, 159 Conn. 307, 316, 268 A.2d 639. To be harmful, an error must be so fundamental and material that it may work injustice. *Wolfpit-Villa Crest Assn., Inc.* v. *Zoning Commission*, 144 Conn. 560, 566, 135 A.2d 732; Maltbie, op. cit. § 17. The charge complained of was self-contradictory in that one portion of the charge allowed an adverse inference under a hypothetical set of circumstances and another portion of the charge prohibited such an inference. *Enlund* v. *Buske*, 160 Conn. 327, 331, 278 A.2d 815; *State* v. *Bell*, 153 Conn. 540, 543, 219 A.2d 218; *Bailey* v. *Bruneau's Truck Service, Inc.*, 149 Conn. 46, 57, 175 A.2d 372. Such contradictions force the jury to decide a material question of law. This is impermissible. Cf. *Connors* v. *Connolly*, 86 Conn. 641, 650, 86 A. 600; Maltbie, op. cit. §§ 76, 87, 91, 92. It is not necessarily harmful error for a charge to be worded in a permissive form when it should be stated in a mandatory form. *Lane* v. *United Electric Light & Water Co.*, 90 Conn. 35, 40, 96 A. 155. The charge in the present case, however, was harmful because it went beyond permitting consideration of facts in that it allowed the drawing of an inference material to the verdict but unsupported by fact and thus proscribed. In order for a negative inference to be permissible from the failure of a party

to call a witness, all the requirements set forth in the *Secondino* and *Brown* cases must be complied with strictly because of the potentially critical effect of such an inference.

There is error in part, the judgment is affirmed except as to the amount of damages awarded and a new trial is ordered limited to that issue.

In this opinion the other judges concurred.